UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEATRICE MARINO, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 10-911 (JAP) |
| v. : | |
| : | **OPINION** |
| JENNIFER VELEZ, Commissioner, New Jersey : | |
| Department of Human Services; and JAMES R. : | |
| GUHL, Director, New Jersey Department of : | |
| HumanServices, Division of Medical Assistance : | |
| and Health Services, : | |
| : | |
| Defendants. : | |

Plaintiff Beatrice Marino brings this action for violation of the federal Medicaid Act. *See* 42 U.S.C. § 1396 et seq. Plaintiff challenges an alleged "tolling" of her penalty period of ineligibility for receiving Medicaid benefits by the Commissioner of the New Jersey Department of Human Services. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331.

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction (Dkt. # 5) seeking to prevent the Commissioner from enforcing a tolling of a penalty period on Marino and delaying her receipt of Medicaid benefits. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court denies Plaintiff's motion for a preliminary injunction.

I.   **Background**

Plaintiff Marino is a woman over the age of sixty-five who resides in a nursing facility. Between November 2006 and January 2008, Marino made gifts to various family members in $12,000 increments. The amount of uncompensated transfers totaled $192,000. On February 10,

1

2009, Marino, through her son, applied for Medicaid benefits. On March 9, 2009, Defendants informed Marino that a penalty period of 26 months and 21 days from the date of Medicaid eligibility would be applicable due to Plaintiff's transfers. Subsequently, Marino's family members returned $89,000 of the gifts. With these returned transfers, Defendants in January 2010 modified Plaintiff's Medicaid ineligibility period to 14 months and 6 days. Plaintiff's resources, however, did not make her eligible for Medicaid benefits until April 1, 2010 when her resource limit was below $4,000. As of April 1, 2010, if Plaintiff meets all necessary eligibility requirements, Defendants plan to implement the modified penalty period for Plaintiff's transfers.

## II.  Discussion

### a.  Standard of Review

In evaluating a motion for preliminary injunctive relief, a court must consider whether: "'(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Preliminary injunctive relief is an "extraordinary and drastic remedy," *id.*, which "should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).

b.  **Likelihood of Success on the Merits**

Medicaid benefits are meant to provide medical assistance only to those "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396-1.  Generally speaking, Medicaid applicants are required to exhaust all available resources before becoming eligible for benefits.  *James v. Richman*, 547 F.3d 214, 215 (3d Cir. 2008).  Federal law dictates that where a period of ineligibility is deemed appropriate such a period can only begin to run when an applicant is otherwise eligible for Medicaid benefits:

> In order to meet the requirements of this subsection for the purposes of section 1902(a)(18) [42 U.S.C.S. § 1396a(a)(18)], the State plan must provide that if an institutionalized individual . . . disposes of assets for less than fair market value on or after the look-back date specified in subparagraph (B)(i), the individual is ineligible for medical assistance for services descried in (C)(i) . . . during the period beginning on the date specified in subparagraph (D) and equal to the number of months specified in subparagraph (E).

42 U.S.C. § 1396p(c)(1)(A).  Subparagraph D provides:

> (ii) In the case of a transfer of assets made on or after the date of the enactment of the Deficit Reduction Act of 2005 [enacted Feb. 8, 2006], the date specified in this subparagraph is the first day of a month during or after which assets have been transferred for less than fair market value, *or the date on which the individual is eligible for medical assistance under the State plan and would otherwise be receiving institutional level care described in subparagraph (C) based on an approved application for such care but for the application of the penalty period, whichever is later*, and which does not occur during any other period of ineligibility under this subsection.

42 U.S.C. § 1396p(c)(1)(D)(ii) (emphasis added).

In order to qualify for "medical assistance under the State plan," states are directed to take into account only such income and resources that are available to the applicant.  42 U.S.C. § 1396a(a)(17)(B).  Under New Jersey's Medically Needy program, an individual becomes eligible for medical assistance when her resource limit does not exceed $4,000.  N.J. Admin. Code § 10:70-5.1.  As defined under this program, a "resource" is "any real or personal property which

3

is owned by the applicant (or by those persons whose resources are deemed available to him/her, as described in N.J.A.C. 10:71-4.6) and which could be converted to cash to be used for his/her support and maintenance." N.J. Admin. Code § 10:71-4.1(b). In order to be considered for the determination of eligibility, a resource must be "available", i.e., "the person has the right, authority, or power to liquidate real or personal property, or his or her share of it." *Id*. § 10:71-4.1(c). Further, a resource must also be "countable" and therefore not excludable under the provisions of N.J. Admin. Code § 10:71-4.4. *Id*. § 10:71-4.2.

The main issue presented here is whether New Jersey Medical Assistance and Health Services who administers the Medicaid program may wait until Plaintiff becomes eligible for benefits before implementing her ineligibility period stemming from her uncompensated transfers. Plaintiff argues that Defendants are improperly tolling the penalty period and that Marino's ineligibility penalty period should have begun on March 1, 2009. While Plaintiff labels the Defendants action as a "tolling," Defendants in fact are following the procedural time frames established in 42 U.S.C. § 1396p(c)(1)(D)(ii).

As an initial point, Plaintiff has had resources over $4,000 through March 2010 making her ineligible for Medicaid benefits. Plaintiff argues that she was eligible for Medicaid benefits in March through June of 2009 when she initially applied for benefits. This proposition is counterintuitive, however, as Plaintiff received returned gifts in the amount of $89,000 during this time period which far exceeds the $4,000 resource limit. Therefore, because Plaintiff was not deemed eligible for Medicaid benefits until April 1, 2010 (the time period she used to spend down the funds from her returned gifts), her penalty period from her transfers does not begin to run until eligibility in accordance with 42 U.S.C. § 1396p(c)(1)(D)(ii). While Plaintiff argues that a penalty period cannot "be tolled (i.e., will not be interrupted or temporarily suspended),"

here, there is simply no tolling since the penalty period was never triggered due to Plaintiff's ineligibility.

Because Defendants have properly applied the penalty period for ineligibility, Plaintiff has failed to show a likelihood of success on the merits towards demonstrating justification for a preliminary injunction. Therefore, Marino's motion for a preliminary injunction is denied.

### III.     Conclusion

For the reasons set forth above, the Plaintiff's motion for a preliminary injunction is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: May 4, 2010